UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMED D. RABB,<br><br>                Plaintiff,<br><br>         v.<br><br>JASON PICKETT, et al.,<br><br>                Defendants. | No.  2:21-cv-0689 CKD P<br><br><br>ORDER |

      Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983 together with a request for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  Plaintiff has not, however, filed his application for leave to proceed in forma pauperis on the form used by this district.  Accordingly, plaintiff's application will be dismissed and plaintiff will be provided the opportunity to submit the application on the appropriate form.  Plaintiff is cautioned that he must also provide a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint.

      In addition, plaintiff has requested the appointment of counsel.  District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36

1

(9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  <u>Palmer v. Valdez</u>, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The burden of demonstrating exceptional circumstances is on the plaintiff.  <u>Id.</u>  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under <u>Palmer</u>, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 3) is dismissed without prejudice;

2. The Clerk of the Court is directed to send plaintiff a new Application to Proceed In Forma Pauperis By a Prisoner;

3. Plaintiff shall submit, within thirty days from the date of this order, a completed application to proceed in forma pauperis.  Plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed without prejudice; and

4. Plaintiff's motion for the appointment of counsel (ECF No. 4) is denied without prejudice.

Dated:  April 20, 2021

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/rabb0689.3d+31.docx