1

2

3

4

5

6

7

8            UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DAMEN D. RABB,                      No.  2:21-cv-00689-CKD P

12              Plaintiff,

13        v.                             ORDER AND

14   JASON PICKETT, et al.,              FINDINGS AND RECOMMENDATIONS

15              Defendants.

16

17        Plaintiff is a state inmate proceeding pro se and in forma pauperis in this civil rights action

18   filed pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302

19   pursuant to 28 U.S.C. § 636(b)(1).

20        By order dated July 30, 2021, the court dismissed plaintiff's complaint for failing to state

21   a claim, but granted him leave to file an amended complaint.  ECF No. 18.  Plaintiff filed a first

22   amended complaint which is now before the court for screening.  ECF No. 21.

23        **I.    Screening Requirement**

24        As plaintiff was previously advised, the court is required to screen complaints brought by

25   prisoners seeking relief against a governmental entity or officer or employee of a governmental

26   entity.  28 U.S.C. § 1915A(a).  The court will independently dismiss a complaint or portion

27   thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state

28   a claim upon which relief may be granted, or that seek monetary relief from a defendant who is

1

1    immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

2            **II.        Allegations in the Amended Complaint**

3            At all times relevant to the allegations in the first amended complaint, plaintiff was an

4    inmate at High Desert State Prison ("HDSP").  ECF No. 21.  Named as defendants are Jason

5    Pickett, the "Chief Executive Officer" of HDSP, and Brian Kibbler, the Associate Warden of the

6    prison.  ECF No. 21 at 1.  Plaintiff alleges that defendant Kibbler imposed a term in

7    administrative segregation that should have ended on February 6, 2021, but it did not.  ECF No.

8    21 at 2.  Defendant Kibbler failed to schedule plaintiff for a classification review hearing as

9    required by CDCR regulations.  Id.  Plaintiff also alleges that defendant Kibbler failed to

10   summon plaintiff from his holding cell on February 24, 2021 in order to be present at his

11   classification hearing.  Id.  According to plaintiff, these actions violated plaintiff's right to

12   procedural due process.  Id.  As a result, plaintiff filed an inmate grievance.  Id. at 3.  In his

13   second claim for relief, plaintiff asserts that defendants "knowingly and oppressively neglected to

14   interfere and stop the harassing and nefarious mistreatment exercised by custodial supervisors, as

15   documented in grievances and letters filed with the institution (HDSP)."  ECF No. 21 at 3.

16           **III.       Analysis**

17           After being provided with the relevant legal standards, plaintiff has been unable to fix the

18   deficiencies identified in the court's prior screening order.  See ECF No. 18 at 3-5.  The first

19   amended complaint fails to state any claim for relief against either of the two named defendants.

20   The allegations against defendant Kibbler state a violation of CDCR regulations and not the

21   federal constitution.  Further, there are no factual allegations linking defendant Pickett to any of

22   the asserted constitutional violations.  Plaintiff was previously advised that government officials

23   may not be held liable for the unconstitutional conduct of their subordinates under a theory of

24   respondeat superior.  Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009).  Defendant Pickett is not liable

25   merely based on his role as a supervisor.  Id.  The allegations in the second claim for relief are

26   entirely conclusory assertions that are not supported by any specific facts demonstrating an act of

27   retaliation committed by defendants.  For all these reasons, the undersigned recommends

28   dismissing plaintiff's first amended complaint.

1    Once the court finds that a complaint or claim should be dismissed for failure to state a
2    claim, the court has discretion to dismiss with or without leave to amend.  Leave to amend should
3    be granted if it appears possible that the defects in the complaint could be corrected, especially if
4    a plaintiff is pro se.  Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v.
5    United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to
6    amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that
7    the deficiencies of the complaint could not be cured by amendment." (citation omitted).
8    However, if, after careful consideration, it is clear that a claim cannot be cured by amendment,
9    the court may dismiss without leave to amend.  Cato, 70 F.3d at 1105-06.

10    It appears to the court that further amendment of this case would be futile because the
11    claims do not rise to the level of a constitutional violation even after plaintiff was provided the
12    relevant legal standards and given the chance to amend his claims.  Therefore, the undersigned
13    recommends that the amended complaint be dismissed without further leave to amend.  Klamath-
14    Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding
15    that while leave to amend shall be freely given, the court does not have to allow futile
16    amendments).

17    **IV.    Plain Language Summary for Pro Se Party**

18    The following information is meant to explain this order in plain English and is not
19    intended as legal advice.

20    The court has reviewed the allegations in your first amended complaint and determined
21    that it does not state any claim for relief against the named defendants.  It is recommended that
22    your complaint be dismissed because these problems are not fixable.

23    If you disagree with this recommendation, you have 14 days to explain why it is not the
24    correct outcome in your case.  Label your explanation "Objections to Magistrate Judge's Findings
25    and Recommendations."  The district judge assigned your case will then review the case and
26    make the final decision in this matter.

27    Accordingly, IT IS HEREBY ORDERED that the Clerk of Court randomly assign this
28    matter to a district court judge.

IT IS FURTHER RECOMMENDED that:

1.  Plaintiff's first amended complaint be dismissed without leave to amend; and,

2.  The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  December 8, 2021

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/rabb0689.F&R.fac.docx

4